THE MERCANTILE TRUST AND DEPOSIT COMPANY OF BAL-
TIMORE et al v. ATLANTIC AND NORTH CAROLINA RAIL-
ROAD COMPANY et al.

*Trust and Trustees—Mortgage.*

1. A provision in a deed that the trustees therein named—to whom the
property is conveyed to secure an indebtedness—shall be entitled
to just compensation for all services which they may render under
the trust, to be paid by the vendor, creates no lien on the property
conveyed for such compensation.

2. *It seems* that ordinarily a Court will not decree a release and satis-
faction of the indebtedness and property until a proper compen-
sation has been made to the trustees.

This is a CIVIL ACTION, heard before *Merrimon, J.,* upon a
motion for judgment upon the pleadings, at September Term,
1887, of WAYNE Superior Court.

The plaintiffs alleged in substance that the defendant cor-
poration, in 1868, executed to Thomas Bragg, James Bryce
and the defendant J. F. Pickerell, a mortgage upon its road-
bed, franchise and other property to secure a bonded indebt-
edness of about two hundred thousand dollars; that two of
the trustees, Bragg and Bryce, having died, the defendant
John H. Dillard was appointed in the stead in pursuance of
a provision in the mortgage; that the indebtedness thus
secured has been fully paid and discharged chiefly by the
delivery to the secured creditors of other bonds issued by
the defendant corporation and secured by mortgage in the
year 1887; that they are the owners or have some interest
in the last named bonds, but cannot negotiate the same be-
cause the defendant trustees refuse to execute proper deeds
of release and in discharge of the former mortgage. They
ask that the Court adjudge that the original indebtedness is
paid and the mortgage to secure it be cancelled, &c.

The defendant corporation admits all the allegations in the complaint and does not resist the relief demanded, but the defendant trustees, while admitting the payment of the bonds as alleged, aver that by the terms of the mortgage they are entitled to compensation for their services, which is a lien upon the property conveyed, and which has never been paid; and that they ought not to be required to execute any release until their demands are satisfied.

"The answer and replication were filed September 16, 1887. On same day the plaintiff moved for judgment, which was resisted by defendant Pickerell on the ground that the matter was not properly before his Honor at this term, and that no judgment could be rendered until the determination of the action. His Honor made the following order or judgment:

"This action coming on to be heard at this term of the Court, upon the complaint and answer herein, by which it is admitted that the mortgage debt secured by the mortgage of 1868 has been paid: It is ordered and adjudged that upon the plaintiff's filing, or causing to be filed, with the Clerk, to be approved by him, a justified bond in the sum of $10,000, to secure the payment of such sum as Pickerell shall recover in this action, as compensation as trustee, the mortgage or deed of trust, executed in 1868 by the Atlantic and North Carolina Railroad Company to J. F. Pickerell, James Bryce and Thomas Bragg, shall be deemed to be fully discharged and satisfied, and the same shall be cancelled; and the Clerk shall, upon the filing said justified bond, cause to be recorded in the Register's office of Wayne, Lenoir, Jones, Craven and Carteret counties a copy of this judgment, and that the same shall have the same force and effect as a formal satisfaction of record of said mortgage or deed of trust made by the present trustees, John H. Pickerell and John H. Dillard; and this action be retained for further directions."

From which the defendant Pickerell appealed.

*Mr  John  W.  Hinsdale*, for the plaintiffs.
*Mr. J. B. Batchelor*, for the defendant Pickerell.

MERRIMON, J.   The subject matter of this action is wholly equitable in its nature, the purpose being to have a mortgage of the defendant corporation therein named, which had been in effect discharged by the payment of the debt secured by it, formally discharged by proper acknowledgment of the trustees named in it.   The principal parties are the plaintiff and the defendant corporation, and the latter answering confesses the complaint.   The appellant, who is one of the trustees of the mortgage, while admitting in his answer that the mortgage debt has been paid, insists that he is entitled to be compensated the sum of five thousand dollars for his services as such trustee, and that he has a lien upon the property embraced by the mortgage, which cannot be discharged until his compensation shall be ascertained and paid.   He claims that his lien arises by virtue of the following provision of the mortgage : " That each of the said trustees shall be entitled to just compensation for all services which he in common with his associates, or either of them, or otherwise, may hereinafter render under the trust created by these presents, which compensation shall be  paid  by the party of the  first part," who was the defendant corporation.

This provides for compensation, but there is no provision or clause of the mortgage that such compensation shall constitute a part of the mortgage debt, or that it shall be a lien of any nature upon the property embraced by the mortgage. The most that could be claimed was that the Court, when its aid should be asked, would not, in the exercise of a sound and just discretion, compel the trustees to acknowledge the satisfaction and discharge of the mortgage until reasonable compensation to them should be paid by the mortgagor. The

·Court would probably thus protect and help the trustee in a ·case like this, but this source of protection was not a lien on the property ; it is simply a power of the Court to compel fair dealing, not to be so exercised as to do prejudice to any party interested.  This seems to have been the view taken and acted upon by the Court below.  The defendant admitted the plaintiff's cause of action, and was content that a proper judgment should be entered at the appearance term.

This might be done by consent—indeed, the plaintiff might move, as of right to have judgment, because nothing was left to be tried.  The objection and exception of the appellant were therefore unfounded, certainly in so far as they applied to the appellee and the defendant corporation.  They consented to and desired the judgment, and do not complain ·of the requirement that the bond shall be given for the appellant's benefit.

The judgment as to the appellant was interlocutory, and the bond required was for his benefit—intended to secure the payment of such sum of money as the Court, on the final hearing, may adjudge due to him for compensation.

The action as to him will be tried in the ordinary course ·of procedure.  He contends that the Court could not substitute the bond required by the order appealed from for and thus discharge his lien upon the mortgage property.  We need not say that he could or could not.  As we have seen, he had no such lien; but if he had, his right remains to be litigated in the further progress of the action.

The error complained of is unfounded, and the exception is not sustained.  Let this opinion be certified to the Superior Court, to the end that further proceedings may be had in the action according to law.

Affirmed.